EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Hon. José A. Maymó Azize, Registrador de la Propiedad Sección de Humacao<br><br>Recurrente<br><br>v.<br><br>Ernesto Hernández Lebrón<br><br>Recurrido | 2026 TSPR 90<br><br>218 DPR ___ |

Número del Caso:  RG-2026-0001


Fecha:  13 de agosto de 2026


Registrador de la Propiedad Sección de Humacao:

    Hon. José A. Maymó Azize


Representante legal de la parte recurrida:

    Lcdo. Edwin Rivera Delgado


Materia: Derecho Registral – Ante la presentación de una Resolución sobre declaratoria de herederos, el Registrador de la Propiedad no puede sustituir el criterio de un tribunal por el suyo propio y dejar sin efecto una determinación de carácter judicial.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Hon. José A. Maymó Azize, Registrador de la Propiedad Sección de Humacao<br><br>Recurrente<br><br><br>v.<br><br><br>Ernesto Hernández Lebrón<br><br>Recurrido | RG-2026-0001 |

El Juez Asociado Señor Candelario López emitió la Opinión del Tribunal.

En San Juan Puerto Rico, a 13 de agosto de 2026.

En esta ocasión tenemos la oportunidad de reafirmar como característica fundamental del ordenamiento registral inmobiliario la facultad limitada que tiene un Registrador de la Propiedad al momento de calificar un documento expedido por una autoridad judicial. De este modo, resolvemos que, ante la presentación de una *Resolución* sobre declaratoria de herederos, el Registrador de la Propiedad no puede sustituir el criterio de un tribunal por el suyo propio y dejar sin efecto una determinación de carácter judicial.

I

El 16 de septiembre de 2022, el Lcdo. Edwin Rivera Delgado (licenciado Rivera Delgado), en representación del Sr. Ernesto Hernández Lebrón (señor Hernández Lebrón o recurrido), presentó una *Instancia Registral*. La misma

estaba acompañada por una *Resolución* sobre declaratoria de herederos de la Sra. Justina Vicens Vallejo (causante o señora Vicens Vallejo) emitida el 12 de julio de 2022 por el Tribunal de Primera Instancia (TPI). Esto tuvo el propósito de solicitar la inscripción del derecho hereditario proindiviso de la Sucesión de la señora Vicens Vallejo, esposa del señor Hernández Lebrón, sobre un inmueble localizado en el Barrio Quebrada Arenas del municipio de Las Piedras. Asimismo, la *Instancia Registral* se acompañó de varios documentos complementarios, entre estos, la Escritura Núm. 46 sobre *Testamento Común Abierto* (Testamento) otorgado por la señora Vicens Vallejo el 23 de septiembre de 2006.

Posteriormente, el 30 de octubre de 2025, el Registrador de la Propiedad, Sección de Humacao, Hon. José A. Maymó Azize (recurrente o Registrador), notificó una *Carta de Notificación* en la que informó las siguientes faltas:

> Mediante el documento presentado se solicita la inscripción de la Resolución sobre Declaratoria de Herederos de la causante Justina Vicens Vallejo, respecto a la finca 19667 Las Piedras.
>
> No obstante, tal y como surge de la misma Resolución, Justina Vicens Vallejo falleció habiendo otorgado Testamento Abierto, escritura 46, en Las Piedras, Puerto Rico, el 23 de septiembre de 2006, ante el notario Manuel Median Delgado.
>
> Conforme dicho Testamento, cualquier otro bien que existiera en el patrimonio de la causante se dividiría en partes iguales entre Nelson y Luis, excepto que con cargo al tercio de libre

disposición se le adjudicara una parte igual a Madeline Ares Santos.

Ante lo anterior, resultaba innecesario acudir ante el Tribunal de Primera Instancia para, abriendo la sucesión intestada, se instituyeran o declararan los herederos de la causante con respecto a bienes que se alegaban haber excluido en cuanto a la institución de herederos.

**La inscripción de los derechos hereditarios respecto a esta propiedad debe adherirse a la voluntad expresada por la testadora, o sea que se dividiría en partes iguales entre Nelson y Luis, excepto con cargo al tercio de libre disposición se le adjudicara una parte igual a Madeline Ares Santos.**

**Por lo que, conforme a disposición testamentaria, la finca 19667 de Las Piedras debe ser inscrita a favor de Nelson Hernández Vicens, Luis Hernández Vicens y Madeline Ares Santos en las proporciones que surgen del testamento.** (Énfasis en el original).

El 19 de noviembre de 2025, el licenciado Rivera Delgado presentó un *Escrito de Recalificación*. En este, solicitó que se dejara sin efecto la notificación por entender que no procedía la falta señalada, por lo que solicitó al Registrador que procediera con la inscripción del documento notificado. En específico, explicó que la causante otorgó un Testamento el 23 de septiembre de 2006; que en este expresó que junto a su esposo había adquirido cinco (5) inmuebles localizados en el municipio de Las Piedras; que incluyó una cláusula que decía que "[c]ualquier otro bien que exista se dividirá por partes iguales entre Nelson y Luis…"; que en este Testamento la causante dispuso de la totalidad de sus bienes conocidos mediante cláusulas legatarias específicas, designando a sus

dos únicos hijos como legatarios y a un tercer legatario adicional; y que, en fecha posterior, la causante adquirió el bien inmueble objeto del documento presentado.

Argumentó que la interpretación del Registrador, en cuanto a que la mencionada cláusula testamentaria abarcaba los bienes adquiridos por la testadora antes y después del otorgamiento del Testamento, no era correcta. Añadió que, conforme al texto literal, la estructura gramatical y las reglas de interpretación del Código Civil, la disposición testamentaria se refería únicamente a los bienes existentes al momento del otorgamiento del Testamento, no a los adquiridos posteriormente. Puntualizó que, como cuestión de hechos, la aludida cláusula testamentaria pasó por el escrutinio del TPI ya que juntamente con la *Petición* de declaratoria de herederos, se incluyó copia del Testamento. Planteó que el foro primario tuvo ante su consideración tanto la *Petición* como el Testamento, por lo que evaluó el contenido de todos los documentos y finalmente expidió la Resolución sobre declaratoria de herederos, tras determinar la procedencia de la sucesión mixta.

Además, señaló que la función calificadora del Registrador cuando se trataba de documentos judiciales era más restrictiva que si se tratara de documentos notariales. Por lo tanto, este no podía revisar el contenido sustantivo ni las conclusiones de derecho de la *Resolución*. Sostuvo que el Registrador excedió su autoridad al reinterpretar

la cláusula testamentaria, "cualquier otro bien que exista", sustituyendo la determinación judicial ya expresada por el TPI. Precisó que, una vez el foro primario determinó el alcance judicial del Testamento y estableció los bienes excluidos del caudal testamentario, el Registrador debía acatar esa determinación.

Así las cosas, el 23 de febrero de 2026, el Registrador notificó su *Denegatoria de Escrito de Recalificación*, basado en los mismos fundamentos de su *Carta de Notificación*. Entre otras cosas, insistió en que la inscripción de los derechos hereditarios respecto a la finca "… debe adherirse a la voluntad expresada por la testadora, o sea que se dividiría en partes iguales entre Nelson y Luis, excepto con cargo al tercio de libre disposición se le adjudicara una parte igual a Madeline Ares Santos. Por lo que conforme a disposición testamentaria la finca 19667 de Las Piedras debe ser inscrita a favor de Nelson Hernández Vicens, Luis Hernández Vicens y Madeline Ares Santos en las proporciones que surgen del testamento". Reiteró que, en el Testamento, "la testadora dispuso de todos sus bienes; tanto los presentes al momento de testar, como los futuros, que tuviese al momento de su muerte".

Debido a que el recurrido no retiró el documento, el 16 de marzo de 2026, el Registrador presentó ante este Tribunal un *Alegato del Registrador en Apoyo de su*

*Calificación*. Según arguyó el Registrador, los señalamientos de objeción argumentados por el recurrido consisten en los siguientes:

(1) ERRÓ EL REGISTRADOR AL PRETENDER INTERPRETAR UNA CLÁUSULA TESTAMENTARIA, LO QUE LA PARTE RECURRIDA ARGUYE ES UNA FUNCIÓN EXCLUSIVAMENTE JUDICIAL;

(2) ERRÓ EL REGISTRADOR RECURRENTE AL PRETENDER ALTERAR UNILATERALMENTE LOS EFECTOS SUCESORIOS YA DECIDIDOS POR EL TRIBUNAL DE PRIMERA INSTANCIA;

(3) ERRÓ EL REGISTRADOR RECURRENTE AL EXCEDER LOS LÍMITES DE SU FUNCIÓN CALIFICADORA.

En su alegato, tras hacer un recuento procesal del trámite judicial ante el TPI, el Registrador expuso que, a su juicio, **la conclusión de ese foro en cuanto a que el Testamento no contenía institución de herederos con relación a bienes inmuebles adquiridos después de su otorgamiento fue incorrecta y añade que el trámite que se llevó a cabo también fue incorrecto.** Sostuvo que, a su entender, mediante la *Resolución*, la que calificó como "innecesaria e improcedente", el recurrido pretendía dejar fuera de la titularidad del inmueble a la Sra. Madeline Ares Santos, a quien la causante consideraba como su hija, según se desprendía del Testamento.

El Registrador arguyó que, en su función calificadora, este tomó razón del Testamento y se adentró en el análisis de la cláusula testamentaria que lo llevó a concluir que con este proceder los recurridos estaban violentando la

última voluntad de la causante por lo que la inscripción de los derechos hereditarios debía adherirse a la voluntad expresada por la testadora. Concluyó que al expresar "cualquier otro bien que exista…", la testadora se refirió a aquellos bienes que existieran al momento de su fallecimiento y no al momento de testar, como alega el recurrido.

De igual forma, el Registrador expresó que, bajo ninguna circunstancia, pretende alterar unilateralmente los efectos sucesorios ya decididos por el TPI, sino conceder a la voluntad de la testadora el rango prioritario y preferente que merece. Insistió en que este Tribunal debe validar su postura en cuanto a que en el Testamento la testadora dispuso de todos sus bienes, tanto presentes al momento de testar, como los futuros, que tuviese al momento de su muerte, y que toda intervención del TPI, dentro del trámite de declaratoria de herederos, era innecesaria e improcedente.

El 25 de marzo de 2026, el Sr. Luis Hernández Vicens (señor Hernández Vicens), en calidad de parte interesada, presentó una *Réplica a Recurso Gubernativo*. De entrada, hizo constar que su padre, el señor Hernández Lebrón, había fallecido, por lo que este comparecía en su carácter de hijo y persona directamente afectada por la calificación registral a los fines de defender la corrección en derecho de los planteamientos esbozados en el *Escrito de*

*Recalificación*. A esos fines, argumentó que, para la correcta interpretación de una cláusula testamentaria, debe atenderse al sentido literal de sus palabras, no sustituyendo palabras o conceptos que no expresan lo que realmente deseaba la testadora. Indicó que la cláusula testamentaria en controversia expresa lo siguiente:

> Cualquier otro bien que **exista** se **dividirá** en partes iguales entre Nelson y Luis, excepto que, con cargo al tercio de libre disposición, se le adjudicará una parte igual a Madeline Ares Santos. (Énfasis suplido).

Adujo que el Registrador, en su ejercicio de calificación, se arrogó un cambio semántico en la cláusula testamentaria en controversia al sustituir las palabras "existe" y "dividirá" por "existiera" y "dividiría", así como también añadió la expresión "patrimonio de la causante". Señaló que, en la *Carta de Notificación* inicial, el Registrador expresó:

> Conforme a dicho testamento cualquier otro bien que **existiera** en el **patrimonio de la causante** se **dividiría** en partes iguales entre Nelson y Luis, excepto que, con cargo al tercio de libre disposición, se le adjudicará una parte igual a Madeline Ares Santos. (Énfasis suplido).

Planteó que el cambio gramatical adoptado por el Registrador, ajeno a la voluntad de la testadora, produce una consecuencia semántica que altera el significado y alcance de la oración. El recurrido sostuvo que la expresión "que exista" está limitada a los bienes

efectivamente pertenecientes al patrimonio de la testadora al momento de testar y no a los que ingresaron en su haber con posterioridad, razón por la cual estos bienes no quedaron comprendidos en la disposición testamentaria y deben regirse por la sucesión legítima correspondiente, configurando así una sucesión mixta bajo el Art. 875 del Código Civil de 1930, 31 LPRA ant. sec. 2591.

Asimismo, el señor Hernández Vicens expuso que la interpretación del alcance de la cláusula testamentaria que hace el Registrador, mediante la sustitución de las formas verbales que incorporan expresiones inexistentes en el Testamento, es una facultad que no corresponde al Registrador dentro del ejercicio de su función calificadora. A esos efectos expresó que:

> Al sustituir el texto literal del testamento por una reformulación propia y, al partir de ella, derivar una interpretación sobre el alcance de la disposición testamentaria propicia el que la denegatoria de la Recalificación **trascienda los límites de la facultad calificadora y sustituya indebidamente el criterio judicial**. *Rolón Adorno v. Registrador*, 2021 TSPR 80. (Énfasis suplido).

De este modo, sostuvo que la función calificadora del Registrador dependerá del tipo de documento que tenga ante sí y en este caso se trata de un documento judicial (Resolución) y uno notarial (Testamento). Argumentó que la facultad calificadora del Registrador no se extiende a interpretar de manera sustantiva cláusulas testamentarias, lo cual invade la esfera interpretativa que el ordenamiento

reserva exclusivamente a los tribunales por lo que procede la revocación de la *Calificación Final*.

Por consiguiente, el señor Hernández Vicens explicó que, tras presentarse la *Petición* de declaratoria de herederos y ante el planteamiento de la existencia de una sucesión mixta, el TPI ordenó que se proveyera el número del caso en el que se llevó la acción de nulidad de testamento. En respuesta, se informó que el remedio invocado no se apoyaba en la nulidad del testamento otorgado y explicó las circunstancias particulares de este caso. Enfatizó que el TPI, luego de aquilatar el contenido de los documentos que tuvo ante sí, procedió a expedir la correspondiente *Resolución*. En consideración a lo anterior, insistió en que el TPI es la única autoridad competente para interpretar el Testamento y determinar los efectos sucesorios correspondientes. Añadió que la interpretación judicial en cuanto a que los bienes adquiridos con posterioridad al Testamento no fueron objeto de disposición testamentaria daba lugar a la sucesión intestada respecto a esos bienes.

Posteriormente, el 31 de marzo de 2026, el Registrador presentó *Dúplica a Réplica a Recurso Gubernativo*. En respuesta, el 14 de abril de 2026, el recurrido presentó un *Escrito en Oposición a Dúplica* […]. Por último, el 23 de abril de 2026, el Registrador presentó una *Breve moción para replicar a escrito en oposición a la dúplica*. En estos

escritos las partes en gran medida repitieron sus argumentos.

Contando con las comparecencias de las partes, resolvemos.

## II

Recientemente, reiteramos que los registradores y las registradoras "tienen el deber de calificar los documentos que se presentan ante el Registro de la Propiedad". *Sucesión Hernández v. Registradora*, 215 DPR __ (2025), 2025 TSPR 20. Así, enfatizamos que el ejercicio de calificar consiste en examinar o comprobar la legalidad de aquello cuya inscripción en el Registro de la Propiedad se aspire. Íd. Ello surge pues sin tal función "no podría cumplirse el principio de legalidad que gobierna el sistema inmobiliario registral", el cual materializa "el propósito de que el Registro encierre solo actos válidos y derechos perfectos". Íd., citando a *Popular Mortgage v. Registrador*, 181 DPR 625, 631 (2011).

En atención al principio de legalidad, también hemos expresado en el pasado que existen unas limitaciones en la función calificadora del Registrador. Estas limitaciones se establecen en el Art. 229 de la Ley Núm. 210 de 8 de diciembre de 2015, conocida como la Ley del Registro de la Propiedad Inmobiliaria de Puerto Rico (Ley Núm. 210-2015), 30 LPRA sec. 6381. Véase *Rolón Adorno v. Registrador,* 207 DPR 361, 370 (2021). En específico, el Art. 229 de la Ley

Núm. 210-2015, *supra,* "le impone al Registrador diferentes grados de calificación cuando tiene ante sí títulos inscribibles, ya sean notariales, judiciales o administrativos". Íd., en las págs. 370-371. De esta forma, la calificación del Registrador depende del documento que se presente para su inmatriculación. Íd., citando a *Rigores v. Registrador,* 165 DPR 710, 721 (2005).

En cuanto a los documentos expedidos por una autoridad judicial, el Art. 229 de la Ley Núm. 210-2015, *supra,* establece que la calificación se limitará a: (1) La jurisdicción del tribunal, la naturaleza y efectos de la resolución dictada, si ésta se produjo en el juicio correspondiente y si se observaron en él los trámites y preceptos esenciales para su validez; (2) Las formalidades extrínsecas de los documentos presentados, y (3) Los antecedentes del Registro.

De lo anterior se deduce que la Ley Núm. 210-2015 asigna al Registrador de la Propiedad una facultad limitada cuando se trata de la calificación de documentos judiciales. *R & G Premier Bank P.R. v. Registradora,* 158 DPR 241, 248 (2002). De hecho, reiteradamente hemos resuelto que la facultad del Registrador se limita a extender o denegar un asiento de inscripción, pero no se extiende a cuestionar, revisitar ni adjudicar controversias resueltas por los tribunales. *Rolón Adorno v. Registrador, supra,* pág. 371. Asimismo, el Registrador

no puede "declarar la existencia o inexistencia de un derecho dudoso o controvertido entre las partes". Íd., citando a *Preciosas V. Del Lago v. Registrador,* 110 DPR 802, 810 (1981). La propia Ley Núm. 210-2015, en su Art. 230, dispone que el Registrador "no impedirá ni prejuzgará el juicio que pueda seguirse en los tribunales sobre la validez de los documentos calificados, debiendo atenerse el Registrador a lo que en aquel se resuelva". 30 LPRA sec. 6561.

Cabe destacar que un Registrador no puede actuar como juez. *Rolón Adorno v. Registrador, supra,* pág. 373. En ese sentido, permitir que un Registrador revise una sentencia emitida por un tribunal tendría el efecto de convertir a este funcionario en un juez de jueces. Íd., citando a *PR Prod. Credit Assoc. v. Registrador*, 123 DPR 231, 238 (1989). Por esta razón, hemos expresado que el Registrador de la Propiedad realiza funciones administrativas, por lo que el Registrador no puede señalar como defecto la nulidad de una sentencia dictada por un foro judicial. Íd., en la pág. 374.

## III

El 13 de mayo de 2022, el señor Hernández Lebrón presentó una *Petición* sobre declaratoria de herederos de la señora Vicens Vallejo. En esta *Petición* se mencionaron los nombres y domicilios de las personas con derecho a la herencia o sucesión, a saber, los dos hijos de la señora

Vicens Vallejo, Nelson Hernández Vicens y Luis Hernández Vicens, y el propio señor Hernández Lebrón como viudo de la señora Vicens Vallejo. Además, en la *Petición* se explicó que, a pesar de que la señora Vicens Vallejo otorgó un *Testamento Común Abierto,* este no contiene una institución de herederos con relación a dos bienes inmuebles adquiridos con posterioridad al otorgamiento del Testamento, los cuales están localizados en el municipio de Las Piedras, y que no fueron incluidos en el Testamento.

Según explicó el señor Hernández Lebrón en su *Petición,* la exclusión de estos dos bienes inmuebles en el Testamento tiene la consecuencia de que se abra una Sucesión Intestada de la señora Vicens Vallejo únicamente para estos dos bienes. Cabe destacar que, el señor Hernández Lebrón presentó como anejo a la *Petición*, entre otros documentos, la Escritura Núm. 46 referente al *Testamento Común Abierto*, otorgado el 23 de septiembre de 2006 por la señora Vicens Vallejo.

Así las cosas, el 26 de mayo de 2022, el TPI emitió una *Orden* al señor Hernández Lebrón para que, en cinco días, informara "el número de caso donde se llevó a cabo la acción de nulidad de testamento en la cual se emplazaron a todos los herederos". En respuesta, el 1 de julio de 2022, el señor Hernández Lebrón presentó una *Moción en cumplimiento de orden*, en la cual aclaró que el remedio invocado no se apoya en la nulidad del Testamento otorgado

por la señora Vicens Vallejo, sino que descansa en las disposiciones del Art. 875 del Código Civil de 1930, 31 LPRA ant. sec. 2591, el cual regula la apertura de una sucesión legítima, aun existiendo una sucesión testada.

En específico, el señor Hernández Lebrón sostuvo que dos bienes inmuebles fueron adquiridos después de otorgado el Testamento y, por lo tanto, no fueron incluidos ni adjudicados mediante las disposiciones testamentarias. Según explicó, lo anterior no implica la nulidad del testamento, sino la coexistencia de una sucesión testada para los bienes expresamente incluidos en el testamento y una sucesión intestada para los bienes omitidos. Además, argumentó que la cláusula que alude a "cualquier otro bien que exista" en el Testamento se refiere únicamente a bienes existentes al momento del otorgamiento del testamento y no a bienes futuros adquiridos con posterioridad, por lo que estos últimos deben adjudicarse mediante una declaratoria de herederos.

Evaluados los escritos presentados por el señor Hernández Lebrón, junto a los documentos anejados, el 12 de julio de 2022, el TPI emitió una *Resolución*. En esta, declaró como únicos y universales herederos de la señora Vicens Vallejo a sus dos hijos, Nelson Hernández Vicens y Luis Hernández Vicens, y a su viudo, señor Hernández Lebrón. En lo pertinente, el TPI realizó la siguiente determinación:

A pesar de que la causante doña Justina Vicens Vallejo, otorgó un Testamento Común Abierto, mediante la Escritura Número 46 del 23 de septiembre de 2006, en Las Piedras, Puerto Rico, ante el Notario Público Manuel Medina Delgado, **ésta no contiene Institución de Herederos con relación a dos bienes inmuebles adquiridos posteriormente al otorgamiento del Testamento y los cuales están localizados en el término municipal de Las Piedras, Puerto Rico, los cuales no fueron incluidos en el testamento, provocando dicha exclusión el que se abra la Sucesión Intestada de la causante únicamente para dichos dos bienes.** Artículo 875, 31 L.P.R.A. Sec. 2591, Código Civil 1930. (Énfasis suplido).

En otras palabras, resulta meridianamente claro que, luego de tener el Testamento de la señora Vicens Vallejo ante su consideración, y tras el correspondiente análisis de la cláusula testamentaria, el TPI concluyó que este no contenía institución de herederos con relación a los dos bienes inmuebles adquiridos con posterioridad al otorgamiento del Testamento. Por consiguiente, determinó que la exclusión de estos dos bienes inmuebles requería que se abriera una sucesión intestada únicamente para estos bienes y a esos fines expidió la declaratoria de herederos.

Ahora bien, en su *Alegato […]*, el Registrador adujo que no procede la inscripción en el Registro de la Propiedad de la *Resolución* sobre declaratoria de herederos, respecto a la finca 19667 ubicada en el municipio de Las Piedras. A su juicio, esta *Resolución* es "innecesaria e improcedente" pues la señora Vicens Vallejo dispuso en su Testamento que "cualquier otro bien que exista se dividirá

en partes iguales entre Nelson y Luis, excepto que con cargo al tercio de la libre disposición se le adjudicará una parte igual a Madeline Ares Santos". De acuerdo con el Registrador, esta cláusula del Testamento se refiere a aquellos bienes que existieran al momento del fallecimiento de la señora Vicens Vallejo y no al momento del otorgamiento del Testamento. De lo contrario, el Registrador expuso que se estaría dejando fuera a la legataria Madeline Ares Santos, a quien la testadora expresó que consideraba como su hija y a quien tuvo la intención de legarle bienes.

Añadió el Registrador que, bajo ninguna circunstancia, pretende alterar unilateralmente los efectos sucesorios ya decididos por el TPI, sino que su objetivo es conceder a la voluntad de la señora Vicens Vallejo el rango prioritario y preferente que merece, lo cual el TPI ignoró por no habérsele planteado en el trámite o procedimiento correspondiente en derecho. Asimismo, el Registrador enfatizó que, según lo resuelto en *Santiago v. ELA*, 163 DPR 149 (2004), la función calificadora goza de atributos ínsitos a la función judicial, y que la actuación del Registrador consiste en una aplicación del derecho semejante a la de un juez.

Por su parte, en su *Réplica a Recurso Gubernativo,* el señor Hernández Vicens señaló que la calificación impugnada no solo se apoya en una versión modificada de la cláusula

testamentaria, sino que además invade la esfera interpretativa que nuestro ordenamiento reserva exclusivamente a los tribunales, por lo que procede su revocación. En particular, el señor Hernández Vicens planteó que el tribunal, luego de aquilatar de manera sustantiva los documentos que tuvo ante sí, expidió la declaratoria de herederos, la cual es un documento judicial que forma parte de un documento inscribible, por lo que prevalece su presunción de validez.

Por otra parte, el señor Hernández Vicens destacó que el enfoque de la facultad calificadora del Registrador cuando se trata de documentos judiciales es mucho más restrictivo que cuando se trata de documentos notariales. Por lo tanto, el Registrador no puede revisar el contenido sustantivo ni las conclusiones de derecho de la *Resolución* del TPI. En cuanto a esta última, puntualizó que una vez el tribunal determina el alcance judicial del testamento y establece los bienes excluidos del caudal testamentario, el Registrador debe acatar esta determinación y no sustituir el criterio del TPI por el suyo propio, lo cual le está vedado por el ordenamiento jurídico. Adelantamos que le asiste la razón al señor Hernández Vicens.

Según el derecho aplicable anteriormente expuesto, conforme al Art. 229 de la Ley Núm. 210-2015, *supra*, cuando el documento presentado para inscripción emana de una autoridad judicial, la facultad calificadora del

Registrador está limitada a examinar la jurisdicción del tribunal, la naturaleza y efectos de la resolución dictada, el cumplimiento de los trámites esenciales para su validez, las formalidades extrínsecas del documento y los antecedentes del Registro. **Fuera de esos contornos, el Registrador carece de autoridad para revisar los méritos de una determinación judicial o sustituir el criterio del tribunal por el suyo propio.**

En el caso de autos, la controversia que plantea el Registrador no gira en torno a la jurisdicción del TPI, la validez formal de la *Resolución* sobre declaratoria de herederos ni la existencia de algún obstáculo que surja de los antecedentes registrales. Por el contrario, su objeción descansa exclusivamente en su desacuerdo con la interpretación que realizó el juzgador del foro de instancia respecto al alcance de una cláusula testamentaria y los efectos sucesorios que de ella se derivan. Es decir, el Registrador entiende que el TPI erró al concluir que los dos inmuebles adquiridos con posterioridad al otorgamiento del Testamento no fueron objeto de disposición testamentaria y que, por consiguiente, procedía la apertura de una sucesión intestada respecto a estos bienes inmuebles.

No obstante, esa determinación ya fue evaluada y resuelta por el TPI mediante la *Resolución* cuya inscripción se pretende. Como surge claramente del expediente en el

foro primario, la jueza que atendió la *Petición* sobre declaratoria de herederos de la señora Vicens Vallejo tuvo ante sí tanto el Testamento como los demás documentos pertinentes. Así, tras examinarlos, la jueza concluyó expresamente que el Testamento no contenía institución de herederos respecto a los dos bienes inmuebles adquiridos luego de su otorgamiento, por lo que procedía la apertura de una sucesión intestada limitada a esos bienes.

Por esta razón, resolvemos que, frente a esa determinación judicial, el Registrador no podía reexaminar el contenido sustantivo del Testamento, reinterpretar la cláusula que disponía sobre "cualquier otro bien que exista", ni concluir que la intención de la señora Vicens Vallejo era distinta a la reconocida por el TPI. **Permitir tal actuación equivaldría a conferirle al Registrador la facultad de revisar la corrección jurídica de una resolución judicial firme, función que nuestro ordenamiento reserva exclusivamente a los tribunales. Como hemos reiterado, el Registrador no puede convertirse en un juez de jueces ni utilizar el proceso de calificación registral para cuestionar o corregir determinaciones adjudicativas emitidas por un foro con jurisdicción.** Véase *Adorno v. Vigo, supra,* pág. 373, citando a *PR Prod. Credit Assoc. v. Registrador*, *supra*, pág. 238.

Ante el planteamiento del Registrador respecto a que en *Santiago v. ELA, supra*, pág. 160, resolvimos que "al

calificar se ejerce una función similar a la función judicial de adjudicar", aclaramos que en ese caso estábamos determinando que el Estado Libre Asociado goza de inmunidad bajo la *Ley de reclamaciones y demandas contra el Estado* por las actuaciones de los registradores de la propiedad al calificar los documentos que se le presentan para su inscripción. En ese sentido, la referencia a la naturaleza cuasi-judicial de la función calificadora se realizó en el contexto específico de una reclamación de daños y con el propósito de examinar la aplicabilidad de la inmunidad estatal.

De ninguna manera ello significa que un Registrador puede revisar los méritos de una determinación judicial, reinterpretar el contenido sustantivo de una resolución emitida por un tribunal con jurisdicción o sustituir el criterio judicial por el suyo propio. Interpretar el caso de *Santiago v. ELA, supra*, de esa manera sería incompatible con la facultad limitada que el Art. 229 de la Ley Núm. 210-2015, *supra*, confiere al Registrador cuando califica documentos expedidos por una autoridad judicial. Del mismo modo, ello sería incompatible con la reiterada jurisprudencia que impide al Registrador actuar como un juez de jueces.

Por último, tampoco nos persuade la preocupación expresada por el Registrador respecto a que la determinación del TPI pudiera perjudicar los intereses de

Madeline Ares Santos, quien fuera legataria en el Testamento, pero que no participó en el procedimiento de declaratoria de herederos. Concluimos esto pues, aun asumiendo que Madeline Ares Santos ostenta algún derecho sobre los bienes que se otorgaron con posterioridad al Testamento, ello no autoriza al Registrador a denegar la inscripción de la *Resolución* que fue válidamente emitida ni a sustituir los mecanismos procesales que nuestro ordenamiento jurídico provee para la protección de terceros con interés. Recordemos que "[l]a declaración de herederos siempre se concede sin perjuicio de tercero de mejor derecho". *Vélez v. Franqui,* 82 DPR 762, 776 (1961). De esta manera, hemos resuelto anteriormente que "ni el hecho de la inscripción en la forma inusitada en que se realizó, ni la declaración de herederos basada en dicha inscripción, queda libre de la impugnación que de ellas pueda hacer cualquier persona con algún interés en la propiedad". Íd.

Por todo lo anterior, se concluye que el Registrador excedió los límites de su facultad calificadora al cuestionar un asunto ya adjudicado por el TPI. Resolvemos que la función del Registrador en este caso se limitaba a calificar la *Resolución* dentro de los parámetros que dispone el Art. 229 de la Ley Núm. 210-2015, *supra*, y no a reevaluar la corrección de las conclusiones jurídicas que fundamentaron la expedición de la declaratoria de herederos de la señora Vicens Vallejo.

**IV**

Por los fundamentos antes expuestos, reafirmamos que un Registrador no puede sustituir el criterio de un tribunal por el suyo propio y dejar sin efecto una determinación de carácter judicial. Por consiguiente, se revoca la *Calificación Final* emitida por el Registrador de la Propiedad, Sección de Humacao, Hon. José A. Maymó Azize en el asiento 2022-123259-HU01, y se ordena la inscripción de la *Resolución* emitida por el Tribunal de Primera Instancia en el caso núm. LP2022CV00076, respecto a la finca 19667.

Se dictará Sentencia en conformidad.


                                        Raúl A. Candelario López
                                        Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Hon. José A. Maymó Azize, Registrador de la Propiedad Sección de Humacao<br><br>Recurrente<br><br><br>v.<br><br><br>Ernesto Hernández Lebrón<br><br>Recurrido | RG-2026-0001 | |

**SENTENCIA**

En San Juan, Puerto Rico, a 13 de agosto de 2026.

Por los fundamentos expuestos en la *Opinión* que antecede, la cual se hace formar parte de la presente Sentencia, reafirmamos que un Registrador no puede sustituir el criterio de un tribunal por el suyo propio y dejar sin efecto una determinación de carácter judicial. Por consiguiente, se revoca la *Calificación Final* emitida por el Registrador de la Propiedad, Sección de Humacao, Hon. José A. Maymó Azize en el asiento 2022-123259-HU01, y se ordena la inscripción de la Resolución emitida por el Tribunal de Primera Instancia en el caso núm. LP2022CV00076, respecto a la finca 19667.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez hace constar las siguientes expresiones:

> Estoy conforme con la determinación a la que arribamos hoy por entender que la facultad calificadora del(de la) Registrador(a) de la Propiedad, ante documentos judiciales, se limita a extender o denegar un asiento de inscripción, mas no se extiende a cuestionar, revisitar ni adjudicar controversias resueltas por los tribunales. *Rolón Adorno v. Registrador*, 207 DPR 361, 371 (2021). Cuando el(la) Registrador(a) está calificando un documento judicial, su análisis se debe circunscribir a los trámites esenciales que se efectuaron para sostener la validez de dicho documento. No obstante, en el caso ante nos, el Registrador recurre a interpretar la cláusula testamentaria, lo cual resultó en una alteración al alcance de su significado. Dicho ejercicio de interpretación,

además de impermisible bajo nuestro esquema jurídico, contradice lo dispuesto en la *Resolución* sobre declaratoria de herederos que emitió la Hon. Itzel Aguilar Pérez en el caso LP2022CV00076.[1] Recordemos que, al considerar un documento judicial que contiene un negocio que habrá de ser inscrito, prevalece su presunción de validez. Íd. pág. 372 Así, ante una determinación final y firme del Tribunal de Primera Instancia sobre declaratoria de herederos, un(a) Registrador(a) no está facultado(a) para variar esa decisión.

Ahora bien, es menester recordar que el Artículo 552 del Código de Enjuiciamiento Civil de 1933 dispone que

> [e]n casos de sucesión intestada […] los que tengan algún interés en la herencia podrán dirigir una solicitud a la Sala del Tribunal de Primera Instancia del último domicilio del finado, o del lugar en donde se encuentren sus bienes, pidiendo [que] se dicte el correspondiente auto de declaración de herederos. […] **El auto se dictará sin perjuicio de tercero**, a no ser que se trate de herederos forzosos. (Negrilla suplida). 32 LPRA sec. 2301.

Por tanto, cualquier tercero que tuviese un interés como heredero puede incoar un procedimiento ordinario dirigido a obtener la declaración de nulidad de la declaratoria si esta no le reconoció lo que en derecho le corresponde. E. González Tejera, *Derecho de Sucesiones Tomo I: La sucesión intestada*, Editorial de la Universidad de Puerto Rico, Puerto Rico, 2001, pág. 411. La declaratoria de herederos, aún dictada en una resolución final, es un procedimiento de jurisdicción voluntaria que no constituye cosa juzgada, por lo que la resolución

---

[1] En la *Resolución* se expresó lo siguiente:
[…]
POR CUANTO: A pesar de que la causante doña Justina Vicens Vallejo, otorgó un Testamento Común Abierto. Mediante la Escritura Número 46 del 23 de septiembre de 2006, en Las Piedras, Puerto Rico, ante el notario Público Manuel Medina Delgado, ésta no contiene institución de herederos con relación a dos bienes inmuebles adquiridos posteriormente al otorgamiento del Testamento y los cuales están localizados en el término municipal de Las Piedras, Puerto Rico, los cuales no fueron incluidos en el testamento, provocando dicha exclusión el que se abra la Sucesión Intestada de la causante únicamente para dichos bienes. Artículo 875, 31 LPRA Sec. 2591, Código Civil 1930.

que en su día se dicte es susceptible a ser modificada.

El Artículo 553 del Código de Enjuiciamiento Civil dispone que "después de dictada la resolución firme, cualquier aspirante que no haya sido notificado del procedimiento, y que no haya comparecido en el mismo y tenga un derecho bien fundado a la herencia, podrá formular y hacer valer su derecho contra los que hayan sido declarados judicialmente herederos". 32 LPRA sec. 2302. En tales casos, para conceder la intervención bastará una moción debidamente notificada, incluso luego de la declaración del tribunal. Íd.

Ante esto, reafirmo que, de ser procedente, cabe la posibilidad de atender el planteamiento que levantó el Registrador de la Propiedad tanto en su *Carta de Notificación* como en su *Recurso Gubernativo* en un momento posterior mediante el vehículo procesal adecuado para ello.


Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo